**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**CHARLES ASHFORD**                                                      **PETITIONER**

**No. 4:25-cv-01310 DPM/PSH**

**DEXTER PAYNE, Director,
Arkansas Division of Correction ("ADC")**                    **RESPONDENT**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge D.P. Marshall Jr.  You may file written objections to all or part of this Recommendation.  If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court Clerk within fourteen (14) days of this Recommendation.  By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

Charles Ashford ("Ashford"), an inmate in the custody of the Arkansas Division of Correction ("ADC"), filed this application for writ of habeas corpus pursuant to 28 U.S.C. §2254.  Ashford has paid the $5 filing fee.[1]

Ashford advances two claims for relief:  (1) Reconsideration for time served and to be released from state prison; and (2) Immediate release from prison upon his payment of $1,000,000.00.  Ashford concedes that he entered a guilty plea to all charges, did not appeal, and has eight months remaining on his sentence.  He states he has not committed any serious offenses while in custody due to wanting to be released.

Mindful that the *pro se* complaint is to be liberally construed, *see Haines v. Kerner*, 404 U.S. 519 (1972), the undersigned has screened Ashford's petition, and the entire record in this case, as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. His claims, even liberally construed, are not cognizable in this habeas corpus proceeding.

First, although it is clear that Ashford desires to be released prior to serving his sentence, he advances no basis for that to occur.  He does not challenge his

---

[1] His motion for an extension of time (Doc. No. 13) in which to submit the filing fee is DENIED as moot because he has submitted the fee.

2

conviction or the duration of his confinement.  The mere desire to be released and the offer to pay for release do not amount to valid habeas corpus claims.  Habeas corpus relief from a judgment of a state court is available "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Ashford does not state such a ground.

*Sua sponte* dismissals are disfavored.  *See Haley v. Dormire*, 845 F.2d 1488 (8th Cir. 1988).  Even so, the undersigned recommends *sua sponte* dismissal in this instance.  Service should not be ordered, and judgment should be entered for the respondent.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, the Court recommends that the certificate of appealability be denied.

IT IS SO ORDERED this 5th day of May, 2026.

_____
UNITED STATES MAGISTRATE JUDGE

3